UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HILARY BEST,

Plaintiff,

v.

NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES; NEW YORK STATE BOARD OF EXAMINERS OF SEX OFFENDERS; STEVEN G. JAMES, *Commissioner of the New York State Division of Criminal Justice Services, in his official capacity*; THE CHAIRPERSON OF THE NEW YORK STATE BOARD OF EXAMINERS OF SEX OFFENDERS, *in his or her official capacity*; and JOHN/JANE DOE OFFICIALS *responsible for maintaining, enforcing, publishing, disseminating, and administering New York's Sex Offender Registration Act*,

Defendants.

MEMORANDUM & ORDER
26-CV-4050 (NRM)

NINA R. MORRISON, United States District Judge:

Plaintiff Hilary Best moves for a Temporary Restraining Order ("TRO") against various New York State Defendants related to the continued enforcement of New York's Sex Offender Registration Act ("SORA"). Compl. at 1, ECF No. 1; Temporary Restraining Order ("TRO") Motion at 1, ECF No. 3. Specifically, Plaintiff seeks to restrain Defendants from "publicly disseminating [his] registry information," "pursuing enforcement proceedings . . . arising from the reporting obligations challenged," and "initiating . . . enforcement action based upon disputed residency allegations." Mot. at 1. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

In 1994, Plaintiff was released from imprisonment following a conviction for a sex offense. Compl. ¶¶ 14–15. Shortly thereafter, SORA was enacted and Plaintiff registered as a sex offender. Compl. ¶¶ 18–19. Then, in 2007, Plaintiff pled guilty to sexual abuse in the third degree, resulting in him being designated a level three sex offender. *Best v. New York City Police Dep't Sex Offender Unit*, No. 20-CV-2382 (WFK), 2020 WL 2933441, at *1 (E.D.N.Y. June 3, 2020). Because of Plaintiff's prior offense, his 2007 conviction independently requires registration under SORA. N.Y. Correct. Law § 168-a(2)(c).

Plaintiff moves this Court to restrain SORA's enforcement against him on the basis that SORA registration, which results in reporting obligations, public dissemination of private information, and the risk of criminal prosecution if he violates its terms, deprives him of due process and equal protection under the Fourteenth Amendment. Mot. at 4–5.

## DISCUSSION

The standard for entry of a TRO is the same as that for a preliminary injunction: the movant must establish "(1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them a fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (citation modified); *Andino v. Fischer*, 555 F. Supp. 2d

418, 419 (S.D.N.Y. 2008). Preliminary injunctions are a "drastic remedy" "granted [only if] the movant . . . carries the burden of persuasion." *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (citation modified).

As a threshold matter, Plaintiff must have standing to seek injunctive relief. *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004). Namely, Plaintiff must show that he has suffered a concrete, particularized, actual or imminent injury, not a hypothetical one. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, some of the injuries Plaintiff alleges, such as threats of enforcement, are too speculative to constitute concrete harms. Mot. at 2, 5. By contrast, "public stigmatization and public exposure," "loss of privacy," and "reputational injury," are sufficiently concrete. *Id.* at 2, 3; *see Yunus v. Robinson*, No. 17-CV-5839 (AJN), 2019 WL 168544, at *24 (S.D.N.Y. Jan. 11, 2019) (adopting report and recommendation). Accordingly, the Court focuses only on Plaintiff's "real and immediate" injuries in assessing whether a TRO is warranted. *Shain*, 356 F.3d at 215.

For purposes of a preliminary injunction or TRO, an "alleged violation of a constitutional right triggers a finding of irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). And Plaintiff here alleges various Fourteenth Amendment violations. Mot. at 2. The Court notes that because Plaintiff's convictions are publicly available, any alleged injury "is diminished by the fact that his conviction is already a matter of public record." *Stevenson v. State and Local Police Agencies*, 42 F. Supp. 2d 229, 233 (W.D.N.Y. 1999). But given the constitutional dimension of Plaintiff's allegations, the Court presumes that irreparable injury has been established.

Turning to the second and third prong, Plaintiff must show "a likelihood of success on the merits" of his claims and that his request "is in the public interest." *Oneida Nation of New York v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011) (citations omitted). Plaintiff cannot rely on the "fair ground for litigation" standard because he seeks to enjoin "governmental action taken in the public interest pursuant to a statutory or regulatory scheme." *Plaza Health Laboratories, Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989). The merits analysis proceeds claim-by-claim. *See Oneida Nation*, 645 F.3d at 168–70. Here, Plaintiff alleges three claims: that enforcement of SORA deprives him of procedural due process, substantive due process, and equal protection. Mot. at 2.

## I. Procedural Due Process

To demonstrate a procedural due process violation, Plaintiff must show "(i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023). With respect to Plaintiff's alleged reputational injury and stigmatization, "it is well-established that 'reputation alone, apart from some more tangible interests such as employment,' does not implicate any 'liberty' or 'property' interests 'sufficient to invoke the procedural protection of the Due Process Clause.'" *Muset v. Ishimaru*, 783 F. Supp. 2d 360, 371 (E.D.N.Y. 2011) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Thus, *Paul* requires "'stigma plus,' *i.e.*, harm to reputation in addition to some other impediment." *Doe v. Pataki*, 3 F. Supp. 2d 456, 467 (S.D.N.Y. 1998) (emphasis in original). Plaintiff must show deprivation beyond the "intangible deleterious effect

that flows from bad reputation." *Valmonte v. Bane*, 18 F.3d 992, 1001 (2d Cir. 1994).

As found in similar contexts by Judge Moses in *Yunus* and then-Judge Chin in *Pataki*, the Court agrees that Plaintiff is highly likely to establish that SORA's requirements implicate a protected liberty interest—specifically, that he suffers reputational harm and tangible burdens by having to register as a sex offender:

> [W]idespread dissemination . . . is likely to carry with it shame, humiliation, ostracism, loss of employment and decreased opportunities for employment, perhaps even physical violence, and a multitude of other adverse consequences.

*Pataki*, 3 F. Supp. 2d at 467–68; *see also Yunus v. Robinson*, No. 17-CV-5839 (BCM), 2018 WL 3455408, at *16 (S.D.N.Y. June 29, 2018), *report and recommendation adopted*, 2019 WL 168544, at *25 (Jan. 11, 2019). Indeed, "[s]ince *Doe v. Pataki* was decided in 1998, both the tangible burdens and reputation damage that come with sex offender registration have, if anything, intensified." *Yunus*, 2018 WL 3455408, at *16. That much continues to be true. In addition to the other requirements identified in *Yunus*, level three offenders today must—for the rest of their lives—verify their address with law enforcement every ninety calendar days. N.Y. Correct. Law § 168-f(3). Accordingly, the Court finds Plaintiff has a liberty interest at stake when he is forced to comply with SORA's registration requirements.

Turning to whether Plaintiff was denied adequate state process, the Court construes Plaintiff's argument to be two-fold: that he is entitled to "identif[ication] [of] the adjudicative records establishing the continuing legal basis" for his registration obligations as well as "the factual and empirical foundation upon which" he is subject to "ongoing restraints." Mot. at 3–4. When Plaintiff pled guilty to two

counts of sexual abuse in the third degree, he was entitled to a hearing to assess his risk of reoffending, which follows a conviction for a sex offense under New York law. N.Y. Correct. Law §§ 168-d; 168-n(3) ("[n]o later than thirty days prior to the board's recommendation, the sex offender shall be notified that his or her case is under review . . . [and that] the offender . . . has a right to a hearing"). Plaintiff does not allege he was deprived of such a hearing. Furthermore, nine years after his conviction, Plaintiff again challenged his designation in an Article 78 proceeding. *Best*, 2020 WL 2933441, at *1. On this record, the Court finds that Plaintiff is not likely to succeed on the merits of his claim that he has been denied adequate process or the adjudicative records—his plea agreement and SORA risk assessment documentation—that establish the basis for his duty to register.

As for Plaintiff's argument regarding the empirical basis and "predictive assumptions" underlying his continued restraint, the Court construes this to mean Plaintiff believes he is entitled to challenge application of the risk assessment scheme to him. For Plaintiff to "assert a right to a hearing" or other process, Plaintiff "must show that the facts [he] seek[s] to establish . . . are relevant under the statutory scheme." *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 8 (2003). SORA uses a classification system based on conviction, not empirical or individualized findings of dangerousness or risk. Thus, Plaintiff is not entitled to challenge collateral issues that do not relate to how the statutory scheme applies to him. *See id.* (Connecticut's sex offender scheme does not violate procedural due process by requiring sex offenders to register based on conviction and without any individualized finding of

dangerousness); *Doe v. Cuomo*, 755 F.3d 105, 113 (2d Cir. 2014) ("New York State has concluded—as it was constitutionally entitled to do—that the mere fact of conviction of certain sex offenses justifies the imposition of SORA's registration, notification, and other restrictions."); *see also Yunus*, 2018 WL 3455408, at *19 (together, *Conn.* and *Cuomo* establish that registrants are not entitled to "any additional hearing . . . to adjudicate [the] obligation to register."). On this record, Plaintiff has not challenged the procedure by which New York legislated SORA, including any empirical foundations used and any issues in such foundations, nor the procedure by which he was convicted, the procedure by which he was determined to be a level three sex offender, nor that his conviction is not a relevant offense. *See Cuomo*, 755 F.3d at 113. Accordingly, the Court finds Plaintiff has not demonstrated a likelihood of success on the merits of his procedural due process claim.

**II. Substantive Due Process**

Plaintiff alleges, based on the Court's reading of Plaintiff's filings, two types of substantive due process claims: freedom from sex offender registration and a right to privacy of personal information. Mot. at 2. To start, freedom from sex offender registration is not a fundamental right, and accordingly, rational basis review applies. *Spiteri v. Russo*, No. 12-CV-278 (MKB), 2013 WL 4806960, at *27 (E.D.N.Y. Sept. 7, 2013). Under rational basis review, if there is some "conceivable basis which could be advanced to support the challenged provision, regardless of whether that basis has a foundation in the record . . . or actually motivated the legislature" then the regulation survives scrutiny. *Beatie v. City of New York*, 123 F.3d 707, 713 (2d

Cir. 1997) (citations omitted). The Second Circuit has already established that "there [is] [no] real question" that sex offender registration is "rationally related to the aim of protecting public safety." *Cuomo*, 755 F.3d at 114. And here, Plaintiff alleges no facts supporting the type of colorable substantive due process claim observed in other cases. *See e.g.*, *Yunus*, 2019 WL 168544, at *25 (plausible allegation of substantive due process violation where SORA required plaintiff to register when he committed the non-sexual crime of kidnapping); *Pennington v. Rosado*, 21-CV-7322 (GHH), 2022 WL 3127062, at *7 (S.D.N.Y. May 31, 2022) (same, for kidnapping where no sexual misconduct alleged).

As for Plaintiff's fundamental right to privacy, this Court applies intermediate scrutiny, and weighs "a given privacy-implicating law . . . substantially related to an important government interest" against "the individual's interest in privacy." *Hancock v. County of Rensselaer*, 882 F.3d 58, 65 (2d Cir. 2018). Plaintiff's asserted privacy violation derives from "the public display of Plaintiff's photograph, classification, and alleged residence information on the exterior of a residential building." Mot. at 2. Based on the present record, *Cuomo* controls: there is no privacy violation of a constitutional magnitude when "much of the information about a sex offender's identity was publicly available even before SORA was enacted" and where the State has a "strong interest in releasing" such information. 755 F.3d at 114. The Court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits of his substantive due process claim.

### III. Equal Protection

Plaintiff also claims that SORA registration violates his right to equal protection. Mot. at 2. The Court must first determine if the challenged "governmental classifications . . . treat certain groups of citizens differently than others." *Fortress Bible Church v. Feiner*, 694 F.3d 208, 221 (2d Cir. 2012). Here, Plaintiff does not allege that the sex offender statutory scheme is based on any express race-based classification, facially neutral law or policy applied in an unlawful manner, or facially neutral policy applied disparately and motivated by animus. *See Pyke v. Cuomo*, 567 F.3d 74, 76 (2d Cir. 2009) (per curiam). "A classification that is not a suspect class or a quasi-suspect class is analyzed under a rational basis test." *Spiteri*, 2013 WL 4806960, at *31. As discussed, "there [is] [no] real question" that sex offender registration is "rationally related to the aim of protecting public safety." *Cuomo*, 755 F.3d at 114. Plaintiff has failed to establish a likelihood of success on the merits of his equal protection claim.

## CONCLUSION

Plaintiff has not shown "a likelihood of success on the merits" for any of his claims. *Oneida Nation*, 645 F.3d at 164. Accordingly, Plaintiff's motion for a TRO is denied.

SO ORDERED.

*<u>/s/ Nina R. Morrison</u>*
NINA R. MORRISON
United States District Judge

Dated: November 6, 2026
Brooklyn, New York